IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO CERDA SOSA | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-280L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Stephanie S. Browne, Assistant U. S. Attorney, and objects to petitioner's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255 for those reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

Robert Clark Corrente
United States Attorney

Stephanie S. Browne
Stephanie S. Browne
Assistant U.S. Attorney

CERTIFICATION

I hereby certify that on the 13th day of July, 2005, I mailed a true copy of the Within Government's Objection To Petitioner's Motion To Vacate, Set Aside Or Correct Sentence Pursuant To 28 U.S.C. § 2255, ordinary mail and postage prepaid, to:

Antonio Cerda Soda
Reg. No. 04405-070
Federal Correctional Institution Fort Dix
Fort Dix, NJ

/s/ [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ANTONIO CERDA SOSA | ) | |
| | ) | |
| vs. | ) | C.A. No. 05-280L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Introduction

Petitioner Antonio Cerda Sosa (Cerda Sosa) files this motion pursuant to 28 U.S.C. § 2255. Although it is unclear what the basis of his petition is, it appears to be in reliance upon Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005) as he claims he was denied a jury trial and no jury approved the sentencing enhancements applied to him by the Court.

As the Court no doubt recalls, on May 9, 1997, Cerda Sosa plead guilty to conspiracy to possess with intent to distribute heroin and cocaine, possession with intent to distribute heroin, and possession with intent to distribute cocaine. The Court sentenced him to 168 months on December 3, 1997. He filed a petition pursuant to 28 U.S.C. § 2255 on July 27, 1998 in which he claimed ineffective assistance of counsel. That petition was denied by the Court on December 9, 1999. On July 2, 2001, Cerda Sosa filed a motion to enlarge time to file a successive petition, that motion was denied by the Court on August 15, 2001. The docket does not show any further

motion by Cerda Sosa requesting permission to file a successive motion pursuant to 28 U.S.C. § 2255.

Permission to file a second or successive § 2255 petition may only be granted where the petition relies on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offnse; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (¶ 8). Based on the foregoing, the Court should deny this petition without further inquiry.

As a further ground, none of the cases he apparently relies upon, *i.e.*, Apprendi, Blakely, or Booker, are to be applied retroactively and his petition may be denied on that basis as well. The holding of Booker derives from the holdings in Blakely and Apprendi. The holdings of Blakely and Apprendi were new constitutional rules of criminal procedure. Under Teague v. Lane, 489 U.S. 288 (1989), they are not retroactively applicable to cases that became final before those decisions were announced. See Schriro v. Summerlin, 124 S. Ct. 2519, 2524-26 (2004) (Teague bars retroactive application of Apprendi-based death penalty decision of Supreme Court in Ring v. Arizona, 536 U.S. 584 (2002)); Sepulveda v. United States, 330 F.3d 55, 59-63 (1st Cir. 2003) (Apprendi is not retroactively applicable under Teague); Orchard v. United States, 332 F. Supp.2d 275, 277 (D. Me. 2004) (holding that Blakely is not retroactively applicable under Teague and collecting cases on point); United States v. Stancell, 346 F. Supp.2d 204 (D.D.C. 2004). Cerda Sosa's conviction was final before Apprendi, Blakely, and Booker were decided. Booker is itself a new constitutional rule of criminal procedure, and like Blakely and Apprendi,

should not be applied retroactively. See Varela v. United States, __F.3d__, 2005 WL 367095 (11th Cir., decided 2/17/2005) (Booker does not apply retroactively to cases on collateral review); United States v. McReynolds, 397 F.3d 479 (7th Cir. 2005) (Booker does not apply to criminal cases that became final before January 12, 2005).

Conclusion

For those reasons set forth herein, the petition should be denied and Judgment entered for the United States.

Respectfully submitted,

Robert Clark Corrente
United States Attorney

Stephanie S. Browne
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on the ____day of July 2005, I served a copy of the within Government's Memorandum In Support of Its Objection To Petitioner's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255, by ordinary mail and postage prepaid, to:

Antonio Cerda Sosa
Reg. No. 04405-070
Federal Correctional Institution
P.O. Box 7000
Fort Dix, NJ 08640